Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* Raymond J. Crilly, Appellant.

Argued April 9, 1976, before JUDGES CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Roger J. Harrington,* with him *Elizabeth M. Mc-Kenna,* and *O'Brien & O'Brien Associates,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Mencer, June 2, 1976:

This is an appeal by Raymond J. Crilly (claimant) from an order of the Unemployment Compensation Board of Review (Board) denying his application for unemployment compensation benefits due to his discharge from a position as a bus driver for the Southeastern Pennsylvania Transportation Authority for allegedly ''failing to fulfill his on-time and attendance obligations.'' The Board's determination was premised on an application to the facts of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), which provides in pertinent part:

''An employe shall be ineligible for compensation for any week—

. . . .

''(e)   In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .''

Our scope of review here is confined to questions of law and, absent fraud, to whether the Board's findings are supported by the evidence. Questions concerning credibility and the weight to be given the evidence are for the Board. *Unemployment Compensation Board of Review v. Devlin,* 20 Pa. Commonwealth Ct. 162, 341 A.2d 221 (1975). The question of whether or not an employee's actions constitute willful misconduct is, of course, one of law and subject to our review. *Unemployment Compensation Board of Review v. Walton,* 21 Pa. Commonwealth Ct. 47, 343 A.2d 70 (1975).

Unfortunately for all of the parties involved, we are unable to exercise our review here because of numerous inadequacies in the Board's findings of fact.

One of claimant's basic contentions is that he should not have been found in violation of Section 402(e) be-

cause an earlier on-the-job accidental injury directly caused his inability to report on time. Evidence, although sparse in nature, was presented by both sides concerning the *reasons* for claimant's actions resulting in his dismissal. Our Supreme Court has recently ruled that the concept of good cause is, when raised, a necessary consideration in willful misconduct adjudications and therefore the Board should consider any justification presented by a claimant for his actions. *See Frumento v. Unemployment Compensation Board of Review,*      Pa.      , 351 A.2d 631 (1976). The Board here failed to make any findings of fact on this crucial issue. This case must therefore be returned to the Board for such findings. *See Sturniolo v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 475, 338 A.2d 794 (1975).

Claimant additionally complains of numerous hearing errors concerning the referee's alleged improper refusal to allow the subpoenaing and/or introduction of numerous records of the employer and the referee's alleged refusal to allow cross-examination of the employer's witnesses on certain points. At issue is the alleged lack of employer standards for the discharge of its tardy employees. It is further asserted that, if standards do in fact exist, they are unequally enforced. These contentions, of course, are relevant considerations in absentee cases. *See Unemployment Compensation Board of Review v. Kerstetter,* 21 Pa. Commonwealth Ct. 260, 344 A.2d 743 (1975); *Unemployment Compensation Board of Review v. Schmid,* 20 Pa. Commonwealth Ct. 286, 341 A.2d 553 (1975). Though we feel that the referee committed no procedural error in this case,[1] we are nevertheless compelled to also remand the record for more explicit findings of fact on the existence or nonexistence of

---

[1] If anything, the referee was overaccommodating in his willingness to accede to claimant's demands.

the standards. The Board failed to set forth any findings that would reveal exactly what rules were applicable to the claimant or how, under the facts as presented, such rules would apply to claimant's discharge. Since there was considerable conflicting testimony on these points, explicit findings are an absolute necessity to our ability to properly review the adjudication. *See Unemployment Compensation Board of Review v. Grossman,* Pa. Commonwealth Ct. , 349 A.2d 779 (1976); *Unemployment Compensation Board of Review v. Walton, supra.*

We therefore issue the following

ORDER

And now, this 2nd day of June, 1976, the record is remanded to the Unemployment Compensation Board of Review for further proceedings not inconsistent with this opinion.

Judge KRAMER did not participate in the decision of this case.