Rod Hughes, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 30, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Robert A. Berkowitz,* with him *Helen R. Kotler,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 13, 1979:

Rod L. Hughes (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) denying him benefits because of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Because of inadequate findings of fact, we must remand the case to the Board for further proceedings.

Claimant, a union member, was employed as an operator and/or helper by Dyna-Vac Corporation (employer) for approximately one year prior to his discharge. On July 21, 1976, claimant and a coworker, John Mehalik, returned to the employer's office, having finished a scheduled work assignment. Mr. Sutch, President of Dyna-Vac, offered Mehalik work on July 22 at a lower job classification. This offer was pursuant to the terms of a labor-management agreement which would result in Mehalik's being "bumped" from his position as an operator to that of a helper. Mehalik refused the work offered because of illness in his family, whereupon Mr. Sutch offered the assignment to claimant. Although the job was at the same position as claimant had worked on July 21, he also refused the work assignment. Mr. Sutch then offered the shift to a third worker who accepted it.

Claimant remained at home on July 22, allegedly waiting to be called by the employer and given a new work assignment.[1] On July 23, 1976, claimant reported to the employer's office to receive his paycheck. At that time claimant was discharged.

Claimant's application for benefits was denied by the Bureau of Employment Security and the referee, under Section 402(e) of the Act, and affirmed by the Board. Upon a petition for reconsideration, the Board remanded the record for the submission of additional evidence by claimant. On August 25, 1977, the Board affirmed its original order without making any additional findings of fact.

It is settled that the refusal by an employee to do work assigned by his employer can amount to willful misconduct. *See Unemployment Compensation Board of Review v. Duray*, 25 Pa. Commonwealth Ct. 253, 360 A.2d 276 (1976); *Brennan v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 569, 333 A.2d 794 (1975). If the employer's request is reasonable in the context of the particular employment relationship and the employee's refusal is unjustified, such conduct evidences a disregard of the standards of behavior an employer expects of his employees. *See Howard v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 512, 379

---

[1] Claimant's absence on July 22, while not tantamount to a resignation, could by itself have constituted willful misconduct. *See Firmstone v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 158, 370 A.2d 749 (1977); *Unemployment Compensation Board of Review v. Harper*, 23 Pa. Commonwealth Ct. 197, 350 A.2d 920 (1976). The findings of fact, however, are insufficient to allow us to draw a conclusion. While Mr. Sutch testified that it was the claimant's responsibility to call to see whether work was available, claimant testified that it was the employer's policy to call the employee when giving out work assignments. Neither the Board nor the referee resolved this conflict in testimony.

A.2d 1085 (1977); *Brennan, supra.* In reaching this conclusion, however, the Board must examine *all* the justifications the claimant advances for his refusal, *see Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976), and make findings of fact resolving them. *See Curtis v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 462, 379 A.2d 1069 (1977); *Unemployment Compensation Board of Review v. Crilly,* 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976).

Here, claimant testified that, under both the labor-management agreement and the employer's past practices, he was not obligated to accept the work assignment.[2] The employer's representative, Mr. Sutch, never disputed the contention.[3] The referee, however, failed to make a finding on this crucial issue.[4] Yet if claimant reasonably believed he was entitled to refuse the assignment, then he cannot be found guilty of willful misconduct, for, as stated in *Curtis v. Unemployment Compensation Board of Review, supra* at

---

[2] Indeed, claimant testified that Mr. Sutch had merely "offered" the assignment to him, that in the past both he and other employees had refused work assignments without being fired or reprimanded and that he had never received any indication from his employer that such conduct was disapproved.

[3] Mr. Sutch never testified that claimant was required to accept the assignment or that he had fired claimant for refusing it. On the contrary, his position was that, by refusing the work assignment on July 21 and by failing to call in or report for work on July 22 or 23, claimant had voluntarily terminated his employment. The Board, however, apparently accepted claimant's testimony that he was fired when he reported for his check on July 23, by finding that claimant had been discharged.

[4] While the referee did make a finding that claimant refused the assignment because "he objected to there being no further work in a comparable classification for a co-employee with less seniority," it still does not resolve the issue of whether claimant was justified in doing so under either his past experiences or the labor-management agreement.

467, 379 A.2d at 1071, ''an employee is only guilty of willful misconduct when he is, or should be, under the circumstances, conscious that his actions are inimical to the interests of his employer.''

Because the Board failed to resolve the issue of whether claimant was justified in refusing the work assignment, we must remand the case to the Board for one or more specific findings on this issue. *See Curtis, supra; Crilly, supra; Unemployment Compensation Board of Review v. Kells*, 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975).

## ORDER

AND Now, this 13th day of February, 1979, the order of the Unemployment Compensation Board of Review, dated August 25, 1977, is vacated, and the record is remanded for further proceedings consistent with this opinion.

