John H. Gwin, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 19, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*David M. Axinn,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, March 23, 1981:

John H. Gwin (Claimant) appeals to this Court from an order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of a referee denying unemployment compensation benefits to Claimant. The Board found that Claimant

had been discharged for willful misconduct and, therefore, was ineligible to receive benefits under the provisions of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We reverse.

Claimant had been employed by GKO Enterprises (Employer) as a machine operator for slightly less than two years when, on May 2, 1978, he was discharged for his refusal to comply with a work assignment. Claimant had received bruised ribs as the result of an accident which occurred on or about April 15, 1978 while he was operating a machine known as a vertical boring mill. Claimant missed only a few hours of work due to his injuries, which were not severe. Claimant developed a fear of the machine as a result of the accident. He was consequently assigned to operate a different machine until May 2, 1978 at which time he was reassigned to the vertical boring mill. Claimant refused to comply with the work order, citing his fear of the machine, and was discharged.

Two issues have been presented for our consideration in this appeal: 1) whether the Board improperly placed the burden of demonstrating good cause on the Claimant; and 2) whether the Board erred in failing to find that Claimant had good cause for refusing to operate the vertical boring mill.

The burden of proving willful misconduct is on the Employer. *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979). It is well settled that an employee's refusal to comply with a reasonable work assignment can constitute willful misconduct. *Mitsch v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 547, 417 A.2d 1347 (1980) and *Hughes v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 422, 397 A.2d 494

(1979). The employee, however, may attempt to justify his refusal to perform the assigned work by demonstrating good cause for his actions. It is the employee's burden to establish good cause. *Holomshek, supra.* The Board, therefore, was correct in placing the burden of proving good cause on the Claimant.

Since the Claimant failed to sustain his burden of proof before the Board, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and whether the findings can be sustained without a capricious disregard of competent evidence. *Sweigart v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979). The question of whether or not an employee's actions constitute willful misconduct is a question of law and subject to our review. *Unemployment Compensation Board of Review v. Crilly*, 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976).

Claimant argues that the Board erred when it concluded that he did not establish good cause for refusing to operate the vertical boring mill. We agree.

The question of whether or not Claimant has proved good cause is one of law and, therefore, subject to our review. The Pennsylvania Supreme Court has established that, when raised, the issue of good cause must be addressed before a finding of willful misconduct can be made. "[W]here the action of the employee is justifiable or reasonable under the circumstances it can not be considered wilful misconduct since it can not properly be charged as a wilful disregard of the employer's intents or rules or the standard of conduct the employer has a right to expect." *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 87, 351 A.2d 631, 634 (1976) (citation omitted). The reasonableness of the Employer's request and the justification for the Claim-

ant's refusal to comply must be evaluated in light of all the attendant circumstances. *McLean v. Unemployment Compensation Board of Review*, 476 Pa. 617, 383 A.2d 533 (1978).

In the instant case the Board found as facts that Claimant was injured while operating the vertical boring mill and that Claimant thereafter expressed his fear of the machine. The Board also found as fact that Claimant "refused to return to the vertical boring mill *due to his fear.*" (Emphasis added.) These findings are not in capricious disregard of evidence and must, therefore, be sustained. In applying these facts to the legal concepts of good cause and willful misconduct the Board reasoned that Claimant had failed to demonstrate "that his fear of the vertical boring mill was real or substantial or that the machine itself was so inherently dangerous so as to justify his refusal to follow the employer's reasonable order that he operate the machine for which he was trained." Accordingly, the Board concluded that Claimant was guilty of willful misconduct. Although we agree that the Employer's work order was reasonable we must disagree with the conclusion that the Claimant's refusal to comply therewith was unjustified.

Based on the Board's findings of fact we conclude, as a matter of law, that good cause has been established under the circumstances of this case. The facts that Claimant had been injured and that he was unable to return to the vertical boring mill due to his fear of the machine demonstrate in our judgment that his fear was reasonable. The facts that others had sustained injury on the same machine, that the employer placed a guard on the machine after Claimant was discharged, that Claimant was willing to accept dismissal from a job paying $4.55 an hour rather than risk further injury and that Claimant communicated his fear to his supervisor and offered to operate any of

the Employer's other machines demonstrate in our judgment that the fear was substantial. There is ample evidence in the record that the vertical boring mill was at least a potentially dangerous machine.[1] We do not consider it to be part of Claimant's burden to prove that the machine was. *inherently* dangerous, as the Board required. We conclude that Claimant's fear was based upon a reasonable belief that his work assignment would place him in danger of further bodily harm. After a thorough review of the record we hold that Claimant has met his burden of proving good cause and, therefore, is not guilty of willful misconduct.

We emphasize that the issue in cases of this nature is not whether the employer has the right to discharge an employee for questioned conduct, but rather whether that decision may be reinforced by the State through the denial of unemployment compensation benefits. *Frumento, supra.* Under the circumstances of this case benefits were improperly denied.

We, accordingly, reverse and remand for the computation of benefits.

ORDER

AND Now, this 23rd day of March, 1981, the order of the Unemployment Compensation Board of Review, Decision No. B-166341-B, dated September 14, 1979, is hereby reversed and remanded to the Unemployment Compensation Board of Review for the computation of benefits.

---

[1] Testimony of Claimant's superintendent indicates that all of the machines in the shop could be dangerous if improperly handled but that the vertical boring mill was not inherently dangerous. Claimant's evidence indicates, on the other hand, that the mill was more dangerous than other machines in the Employer's shop and that it was known as the "mankiller" among the employees.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON.

---

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

I believe that the majority's conclusion that the claimant reasonably refused to operate the machine is unsupported by the facts as found by the Board and by the evidence in the record. The evidence indicates that the claimant's injury was of a minor nature and necessitated an absence of only one afternoon, and that no one else besides the claimant had ever refused to operate the machine.

Although we are mindful that the employer's representative testified that the vertical boring mill, like all of the machines in the shop, was potentially dangerous if not handled correctly, that fact does not justify the claimant's refusal to operate it. The reasonableness of an employer's request or of an employee's refusal to carry out a request must be considered in the context of the particular work environment. *Hughes v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 422, 397 A.2d 492 (1979). The claimant here had been trained to operate the machine, and the fact that it was potentially hazardous does not by itself justify his refusal to operate it.