Alana Litwak, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Temple University, Intervenor.

Argued March 3, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*John Kupchinsky,* Associate Counsel, with him *Richard C. Lengler,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

*Arlene D. Fisk,* with her *Theodore J. Martineau, Ballad, Spahr, Andrews & Ingersoll,* for intervenor.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 27, 1982:

Alana Litwak appeals an Unemployment Compensation Board of Review denial of benefits. We affirm.

Litwak was a "floater"[1] in Temple University's Woodhaven Center client care section. She was notified by her superior that she was being permanently assigned to the Willowood facility to toilet assist 5 to 12 year old retarded children. Litwak argued with her superior and refused the assignment. She asserted that she was ill and left. She was discharged for insubordination. The Board, adopting the referee's findings, concluded that she was ineligible for benefits because her conduct amounted to willful misconduct.[2]

The employer has the burden of proving willful misconduct. Once willful misconduct is proven, the burden then rests with the claimant to show justifica-

---

[1] "Floater" is a term used to describe the type of position Litwak occupied. Upon reporting to work each night, she was assigned to a different unit as opposed to being permanently assigned to a unit.

[2] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

tion for the misconduct. *Gwin v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 69, 71, 427 A.2d 295, 297 (1981). Since Litwak failed to meet that burden, our scope of review is limited to determining whether the conclusions of law and findings of the Board can be sustained without a capricious disregard of competent evidence. *Id.*

Issues of willful misconduct and justification are both questions of law subject to our review. *Id.* Here the Board adopted the referee's findings that:

3. On June 11, 1980, because of an emergency situation, claimant was assigned by the assistant director to work permanently at Willowood, overseeing 5 to 12 year old children.

4. Claimant objected vehemently to the assignment which she considered highly undesirable because of the high rate of turnover of personnel in that unit.

5. The assistant director indicated to claimant that she should take the assignment for that evening and negotiate (through the union) thereafter.

6. Claimant refused to accept the assignment and stormed out.

7. She returned within minutes and told the assistant director she was leaving on sick leave, calling the assistant director a foul name.

8. Claimant was terminated for refusal of assignment.

Litwak asserts[3] that she never refused to work that night. She had only refused the permanent assign-

---

[3] Litwak has asserted that she was not required, under the Collective Bargaining Agreement, to accept this permanent position and that such acceptance would have precluded her from bidding on other permanent assignments in which she might have been interested. We find this argument to be irrelevant in light of the Board's finding that she had been told to accept the position for that night

ment. Issues of credibility are solely for the referee who is the factfinder. *Doyle v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 494, 426 A.2d 756 (1981). Here, the referee determined that Litwak had refused the assignment for that night. We conclude that this finding can be sustained without a capricious disregard of competent evidence.

Affirmed.

### ORDER

The order of the Unemployment Compensation Board of Review, No. B-190334 dated December 8, 1980, is affirmed.

Judge MENCER did not participate in the decision in this case.

---

only. Further, she has asserted that, if her behavior did overstep the bounds of a reasonable response to her employer's request, it was because she was suffering from stress. However, there was no competent medical evidence offered by Litwak to support this contention. *See Donaldson v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 41, 434 A.2d 912 (1981) (testimony of claimant herself, without presentation of competent medical evidence found insufficient to support conclusion that voluntary quit was for cause of necessitous and compelling reason).