Gary S. Sheaffer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 3, 1983, to Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Jack M. Hartman, Goldberg, Evans & Katzman, P.C.,* for petitioner.

*Charles G. Hasson,* Assistant Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, April 6, 1983:

Gary S. Sheaffer (Claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits on the basis of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law.[1]

Claimant was employed by Goodway Transport, Inc. (Employer) as a shop foreman from February, 1979 until May 29, 1981. Claimant's duties included administering road tests to independent truck drivers with whom his Employer contracted to haul freight regulated by the Interstate Commerce Commission (I.C.C.). On May 27, 1981, Claimant's supervisor left instructions with his safety director to have a particular driver road tested the following day. On May 28, the safety director requested that Claimant administer the road test. Claimant refused to give the test, citing three reasons for his action: 1) adverse weather conditions, 2) that his duties only included administering road tests for permanent truck leases and not, as here, for a trip lease and 3) he was concerned that the driver to be tested would fraudulently allow her husband to use her I.C.C. road test certification card despite the fact that a health condition prevented her husband from qualifying to haul regulated freight. Claimant's supervisor, upon learning the next day of Claimant's refusal to administer the test, terminated Claimant's employment.

Claimant's application for unemployment compensation benefits was denied by the Office of Employment Security based upon a finding of willful misconduct and, following a hearing, the referee and Board affirmed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

On appeal to this Court, Claimant argues that his actions did not constitute willful misconduct because 1) he received no direct orders from his supervisor to administer the road test, 2) his refusal to give the test was justifiable under the circumstances and 3) Claimant's decision whether or not to administer a road test was a matter of discretion.

Several basic legal principles are applicable to this case. The Employer, of course, bears the burden of proving willful misconduct. *Gwin v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 69, 427 A.2d 295 (1981), and the question of whether an employee's actions constitute willful misconduct is one of law, subject to our review. *McLean v. Unemployment Compensation Board of Review,* 476 Pa. 617, 383 A.2d 533 (1978). The refusal by an employee to comply with a reasonable work assignment can constitute willful misconduct, *Hughes v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 422, 397 A.2d 494 (1979), although the employee may attempt to justify his action by demonstrating good cause. Good cause is a question of law and in resolving the issue the reasonableness of the employer's request must be balanced against the justification for the refusal to comply in light of all the attendant circumstances. *Gwin.* If a claimant *reasonably* believed he was entitled to refuse a work assignment he cannot be found guilty of committing willful misconduct. *Hughes.*

Applying these principles to the instant case, we must agree with the referee and the Board that Claimant's actions constituted willful misconduct. With regard to Claimant's contention that he received no direct orders from his supervisor to give the road test and, accordingly, cannot be said to have refused a work assignment, the record clearly supports the

referee's conclusion that it was Claimant's supervisor who decided that the test should be given and that the safety director merely passed along the directive to Claimant. We also conclude that Claimant has failed to prove good cause. The referee found that Claimant was qualified to administer road tests and that the same test was administered whether a permanent lease or a trip lease was involved. Regarding Claimant's other alleged justifications, the referee found that the Claimant had previously given road tests in the rain and that his concerns about the fraudulent use of the road test certificate were based on supposition and did not constitute good cause. We are in complete agreement with these conclusions.

Finally, the record does not support Claimant's contention that it was within his unlimited discretion to decide whether or not to administer the road test. While Claimant did apparently have discretion to decide when weather conditions were too hazardous to safely give a test, we are bound by the referee's finding that Claimant had previously given road tests in the rain and that the weather conditions did not provide sufficient justification for the refusal. As Claimant's supervisor stated:

> [Claimant has] given road tests in ice, mud, sleet and snow. So, the rain business is nothing in this field, as far as I'm concerned.

In our opinion, therefore, Claimant could not *reasonably* have assumed that he was entitled to refuse the work assignment.

We, accordingly, will affirm the order of the Board.

### ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-199724, dated September 25, 1981, is hereby affirmed.