Vicki L. Hutton, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1983, to Judges CRAIG, DOYLE and BARBIERI, sitting as a panel of three.

210

*Harvey S. Miller, Windolph, Burkholder, Stainton and Gray*, for petitioner.

*Charles G. Hasson*, Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, December 23, 1983:

Vicki L. Hutton, discharged from her position as a secretary, appeals an Unemployment Compensation Board of Review order which affirmed a referee's denial of benefits for willful misconduct,[1] holding that she was absent from work without notice and without good cause.

We must decide whether an employee's absence under circumstances of marital strife, with notice of that absence coming only from a third party, constituted willful misconduct.

Mrs. Hutton did not testify. The uncontradicted testimony of her supervisor, the sole witness, supplied the facts.

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

On Thursday morning, June 10, 1982, Mrs. Hutton telephoned her supervisor, informing him that she would be late to work because her estranged husband was waiting for her across the street from her place of work. The supervisor was aware of Mrs. Hutton's marital problems, having seen her come to work with bruises on her face and with swollen black-and-blue eyes, understood to be the result of beatings by her husband.

He also testified that Mrs. Hutton's husband indeed had been waiting in a van across the street on that Thursday, his presence causing co-workers to become "extremely nervous and upset."

Mrs. Hutton never appeared for work that day. In the same evening, a detective told the supervisor that Mrs. Hutton would not return to work until Monday, June 14. The supervisor requested that the detective, Lieutenant Walters from the Lancaster City Police Department, have Mrs. Hutton call the supervisor. But the detective did not know where she had gone, according to the supervisor's testimony.

When she returned on Monday, Mrs. Hutton told her supervisor that she had been having problems at home with her husband and that the police had advised her not to go to work "those particular days." The supervisor discharged Mrs. Hutton on Monday for "[f]ailure to notify me personally as requested as to why she didn't come to work the Thursday, Friday and Saturday morning. . . ." The employer's business was in its peak season. Before this three-day absence, Mrs. Hutton's attendance record had been satisfactory.

Where the action of an employee is justifiable or reasonable under the circumstances, it cannot be considered willful misconduct. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

"Issues of willful misconduct and justification are both questions of law subject to our review." *Litwak v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 466, 468, 449 A.2d 810, 811 (1982).

Notice to an employer through a third person is legally adequate, absent a clearly defined reporting procedure. *Glasser v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 29, 404 A.2d 768 (1979). Here, there is no evidence that the employer had a requirement that the employee had to give notice personally. Nor is there any evidence that the supervisor's direction that the claimant personally call him, given to the detective, ever reached the claimant.

Hence, with the record supplying substantial justification for the absence itself, and no disobedience proved with respect to the failure to report off in person, there was neither a wanton nor negligent disregard of the employer's interests. Under these circumstances, Mrs. Hutton did not engage in willful misconduct.[2]

Accordingly, we reverse and remand for the computation of benefits due Mrs. Hutton.

ORDER

Now, December 23, 1983, the order of the Unemployment Compensation Board of Review, No. B-211671, denying benefits to Vicki L. Hutton, is hereby reversed, and the record is remanded to the board for the computation of benefits.

Jurisdiction relinquished.

---

[2] The marital strife distinguishes this case from our earlier holding which denied benefits to an employee who planned a vacation during an employer's busy season hoping "that it would all work itself out." *Lipshutz v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 180, 183-84, 334 A.2d 810, 811 (1975).