Eric Kretsch, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

170

Submitted on briefs January 30, 1984, to Judges ROGERS, CRAIG and COLINS, sitting as a panel of three.

*Eugene Daniel Lucas,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, June 11, 1984:

Claimant Eric J. Kretsch petitions for review of the decision and order of the Unemployment Compensation Board of Review denying benefits under Section 402(e) of the Unemployment Compensation Law.[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Employed for ten months by Beloit-Manhattan, Inc. as a lab technician, the claimant also did some computer programming, at a salary of $210.00 per week. He is a graduate of Pennsylvania State University with a Bachelor's Degree in Science, and has attended one year of graduate level study in Computer Science at Marywood College.

On January 14, 1982, the claimant was instructed to shovel snow from the walkways outside the employer's plant. The claimant refused, stating that he was not properly dressed to shovel snow because he had no boots, gloves or heavy clothing other than suitable for walking from the car to the building, and that he did not believe snow removal was part of his duties. The claimant was then furloughed for the remainder of the week. Upon his return on January 18, 1982, he was again asked to shovel snow. Once again he refused. The claimant was immediately discharged.

The Board's findings included the following:

3. Claimant was discharged from this employment because he refused to shovel snow from off the sidewalk.

4. Claimant refused the assignment because he thought it was the employer's way of retaliating against him for a complaint the claimant had recently made; the claimant considered the assignment a form of harassment on the part of the employer.

5. The employer asked the claimant to shovel snow because the snow needed to be removed, the claimant was available, and employes are asked to take on various assignments as the need arises.

6. The assignment was not a form of harassment or hazing.

Under Section 402(e), the employer bears the burden of proving willful misconduct. When the party

with the burden of proof has prevailed below, our scope of review is limited to determining whether there is substantial evidence to support the Board's findings of fact or whether an error of law has been committed. *Jones v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 572, 460 A.2d 412 (1983). However, whether certain conduct constitutes willful misconduct is a question of law subject to review by this court. *Nolan v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 186, 425 A.2d 1203 (1981).

An employee's refusal to comply with a work assignment can constitute willful misconduct, *Mitsch v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 547, 417 A.2d 1347 (1980), unless the employee establishes good cause for his actions. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

"Where the refusal is of additional work, the pivotal determination is whether the additional assignment is a reasonable one, i.e. of such a nature that in the context of a claimant's primary job his employer could reasonably expect him to complete it." *Brennan v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 569, 572, 333 A.2d 794, 795 (1975).

"If the employer's request is reasonable in the context of the particular employment relationship and the employee's refusal is unjustified, such conduct evidences a disregard of the standards of behavior an employer expects of his employees." *Hughes v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 422, 424, 397 A.2d 494, 495-6 (1979).

The claimant contends that his refusal to shovel snow was reasonable under the circumstances. The temperature outside on the day in question was below

freezing.[2] The claimant testified that he was not prop-
erly dressed to shovel snow, nor did he think that it
was his job to do so,[3] in that the employer had a main-
tenance department for that function.[4]

The board did not err in concluding that the claim-
ant did not meet his burden of establishing good cause
for refusing the snow-shoveling work assignment
which the employer gave him.

His first contention, that his duties as a laboratory
technician did not include snow-shoveling, must fail
in the absence of any evidence supporting that view,
and in the presence of the fact that the employer four
days earlier had assigned him the same duties and
furloughed him for rejecting them—thus establishing
in an unequivocal manner the point that he was ex-
pected to assist in the matter of snow removal.

---

[2] QCL [Claimant's counsel]: What was the temperature
that morning, do you remember?

AC: [The claimant]: About 17 degrees. (N.T. p. 5, 3/2/82).
This testimony was unrebutted.

[3] AC: . . . I didn't think that was my job and I wasn't
dressed for it. I had no boots or gloves or heavy clothing
other than suitable for walking from the car to the building.
(N.T. p. 4, 3/2/82)

[4] QR [The referee]: Now does the employer normally have
a janitorial service or a maintenance team that cleans the
sidewalks or walkways?

AEW [Employer's witness]: The walkways are normally
cleaned by the plant personnel. The headquarters is located
on one end of the building the R & D department is located
on the other and [sic] in he [sic] center is plant office.
Normally the plant provides service for cleaning the side-
walks. . . . (N.T. p. 3, 3/2/82)

AC [The claimant]: . . . I reiterated that I didn't think it
was my job to do them, they had a maintenance department
to do them. Everyone was in the building, there was no
emergency and that I was not dressed for it . . . (N.T. p. 5
3/2/82).

Second, his chief excuse, that he lacked the warm clothing and boots appropriate for the performance of such a cold-weather chore, also fails to measure up, precisely because the earlier direction and discipline forewarned him that he should come to work equipped with adequate attire.

Possession of a college degree provides no exemption from the performance of incidental menial tasks. The administrative findings included a determination that the employer did not hand this assignment to the claimant punitively, as a form of hazing; on that score, we must defer to the fact finder.

The board's decision is affirmed.

ORDER

Now, June 11, 1984, the order of the Unemployment Compensation Board of Review issued May 21, 1982, Decision No. B-205985, is affirmed.

---

DISSENTING OPINION BY JUDGE COLINS:

I must respectfully dissent.

I believe that the majority's conclusion that the claimant's duties as a laboratory technician included snow shoveling is unsupported by substantial evidence.

There was nothing in the claimant's job description requiring him to shovel snow.[1] Certainly, it was

---

[1] QCL: [the claimant] Do you have written job descriptions?

AEW: [the employer's witness] Yes.

QCL: In that job description does it say anything about maintenance work for lab?

AEW: It says keep the place clean, in repair, that sort of thing.

QCL: Are they talking about the inside or outside?

AEW: Nothing specific.

ACL: Nothing specific about shoveling snow?

AEW: No. (N.T. p. 4, 3/2/82).

totally unrelated to his primary duties as a lab technician, which also included some computer programming.

Although it is reasonable for a lab technician to be required to keep the laboratory and equipment clean, I do not agree that it is reasonable to require that the claimant shovel snow. This Court has previously stated that an employer can only expect an employee to perform duties which are either part of the employment contract, express or implied, or are reasonable changes in those duties. *Howard v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 512, 379 A.2d 1085 (1977). Snow shoveling was not included within the claimant's job description, nor was it of such a nature that in the context of the claimant's primary job his employer could reasonably expect him to complete it. *Brennan v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 569, 333 A.2d 794 (1975).

Also, I believe that the claimant has established good cause for his actions. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

> The rationale upon which this concept of good cause was developed was that where the action of the employee is justifiable or reasonable under the circumstances it cannot be considered wilful misconduct since it can not [sic] properly be charged as willful disregard of the employer's intents [sic] or rules or the standard of conduct the employer has a right to expect.

*Id.* at 87, 351 A.2d at 634. The claimant was not properly dressed to shovel snow because he had no boots, gloves, or heavy clothing other than that suitable for walking from his car to the building.

Finally, I disagree with the majority's conclusion that the claimant's lack of appropriate attire for performing such a cold-weather duty is without merit as he should have known to come to work equipped with adequate attire. This conclusion assumes the following facts that are not in evidence:

(1) that the weather was such, *i.e.,* there was already snow on the ground when the claimant left for work, that the claimant should have realized he might be asked to shovel snow; and

(2) that the claimant owned adequate attire for snow shoveling.

For these reasons, the order of the Board should be reversed.