533 A.2d 833

Judy W. Eckenrode, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 9, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Joseph S. Britton, Begley, Carlin & Mandio,* for appellant.

*Patricia Krise Bilzi,* Assistant Counsel, with her, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, November 24, 1987:

Judy W. Eckenrode (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision denying her benefits on the basis of willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was employed by Doylestown Hospital (Employer) as a medical technologist from February 9, 1981 to March 7, 1986. As part of her regular duties, Claimant performed phlebotomies (blood tests) on patients at the hospital. On February 6, 1986, Claimant, along with Employer's other medical technologists, was informed that she temporarily would be required on an occasional basis to perform phlebotomies on patients at Pleasant Manor, a facility for mentally retarded children located in Point Pleasant, Pennsylvania, approximately fifteen miles from the hospital. Claimant would have been required to use her personal automobile and be

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

reimbursed at a rate of $.26 per mile. At the time, Claimant indicated to her supervisor her dissatisfaction with the assignment because it would require her to work outside of the hospital and use her personal automobile, and because of a concern that she would increase her risk of exposure to respiratory diseases.

On February 26, 1986, Claimant was informed that she was expected to perform phlebotomies at Pleasant Manor on March 3. When Claimant refused to do so for the above-noted reasons, Employer suspended her for three days. Upon her return to work on March 7, after her suspension, Claimant again refused to perform phlebotomies at Pleasant Manor scheduled for March 10. At this time, Employer discharged Claimant.

The referee denied Claimant benefits on the basis of willful misconduct, and the Board affirmed. Claimant petitions this Court for review.[2]

It is clear that an employee's refusal of an employer's reasonable work request will constitute disqualifying willful misconduct, unless the employee can show good cause for the refusal. *Jackim v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 5, 437 A.2d 775 (1981). Claimant advances two arguments in support of reversal of the Board's order. First, she argues that because she reasonably believed she was entitled to refuse the work assignment, she cannot be guilty of willful misconduct, and in support cites *Hughes v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 422, 397 A.2d 494 (1979). Claimant advances as a basis for this argument that since she initiated a grievance with Employer im-

---

[2] This Court's scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact were unsupported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

mediately upon being informed of the work assignment, it was reasonable for her to believe that the assignment could be refused pending the outcome of the grievance procedure. We must disagree. Even if Employer's grievance policy could be read to support Claimant's interpretation, we note that, upon her first refusal to perform the phlebotomies outside of the hospital, Claimant was suspended, and was fired only after she refused the assignment a second time. Any reasonability of Claimant's belief that she could refuse the assignment pending the outcome of the grievance procedure was vitiated by her suspension. Accordingly, unlike *Hughes*, there is no possibility that Claimant's *second* refusal to perform the work assignment could be reasonable, and thus it constituted willful misconduct.

Claimant also argues that, even if her refusal amounted to willful misconduct, she had good cause for doing so, which is a question of law subject to our review. *Dunkle v. Unemployment Compensation Board of Review*, 91 Pa. Commonwealth Ct. 1, 496 A.2d 880 (1985). Claimant asserts that her belief that performing the phlebotomies outside of the hospital would increase her risk of exposure to respiratory infections amounted to good cause, and she analogizes her case to *Gwin v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 69, 427 A.2d 295 (1981), wherein this Court held that a claimant who refused a reasonable work assignment to operate a certain machine had good cause for such refusal and therefore was not guilty of willful misconduct. The instant case, however, is not analogous to *Gwin*.

In *Gwin*, after analyzing the totality of the circumstances, this Court concluded that the claimant's fear of operating the machine was both substantial and reasonable.[3] The totality of the circumstances here, however,

---

[3] In *Gwin*, the claimant had previously been injured operating a vertical boring mill, and refused to operate it again due to his fear

reveals that Claimant's fear of infection was neither substantial nor reasonable. Claimant did not testify that her fear of performing the outside phlebotomies was the result of a past bad experience; nor did she testify that she feared performing the identical procedures in the hospital. Although Claimant provided a certification from the doctor that stated that her fear of increased risk of infection "may very well be substantiated," that certification did not restrict her from performing phlebotomies, but only recommended that she avoid performing them outside of a hospital setting. No reason for this restriction, however, was proffered, and absent a medical reason for such a conclusion we believe the restriction is illogical and untenable. In addition, Claimant herself completely failed to establish exactly how performing the procedures on Pleasant Manor patients would increase her risk of exposure to infections. We conclude, therefore, that Claimant's subjective fear of performing the phlebotomies on patients outside of the hospital, in light of the circumstances, was neither substantial nor reasonable so as to provide good cause for refusal of Employer's work assignment.[4]

Affirmed.

---

of injury. This Court concluded that the claimant's fear was both substantial and reasonable since other workers were injured on the same machine, the employer placed a guard on the machine after the claimant was discharged, the claimant was willing to risk discharge rather than operate the machine, and the claimant had informed his supervisor of his fear and offered to operate any other machine. *Gwin*, 58 Pa. Commonwealth Ct. at 73-74, 427 A.2d at 298.

[4] Claimant also asserts as good cause for her refusal the requirement that she use her personal automobile to travel the approximately fifteen miles between Employer's hospital and Pleasant Manor. It is undisputed, however, that Claimant would have been reimbursed by Employer at a rate of $.26 per mile for her travel, and this contention, therefore, is meritless.

## ORDER

NOW, November 24, 1987, the order of the Unemployment Compensation Board of Review, No. B-250862, dated July 21, 1986, is affirmed.