BENTON, Judge.
Martha Lee Gilbert was fired for absenteeism. She does not dispute the facts set out in the appeals referee’s order, which was adopted by the Unemployment Appeals Commission:
The claimant began her employment with the Department of Corrections on March 10, 1995, and was employed as a correctional officer at Jackson Correctional Institution. The claimant was on probationary status for the first year of her employment. During the period of one year that she worked at Jackson Correctional Institution, she had 23 unscheduled absences from work. Her absences were caused by domestic problems. She was counselled about excessive absenteeism on October 23,1995. After this date, she had unscheduled absences on October 24,1995, December 8, 1995, December 31, 1995, January 1,1996, and January 30,1996, and was absent for two weeks in February 1996 because her back was injured in a dispute with her abusive husband after she had obtained a restraining order against him. The claimant was discharged from her employment on March 8, 1996, for excessive absenteeism.
On these facts, she argues that the Unemployment Appeals Commission erred, as a matter of law, in finding her ineligible for unemployment compensation benefits. We agree and reverse.
While adopting the conclusion that Ms. Gilbert’s “final absences from work were due to an injury that may have been beyond her control,” the Commission denied benefits because Ms. Gilbert failed “to arrange [her] personal affairs so as not to interfere with” attendance at work. The Department of Corrections has not contended that notification of any absence was untimely. Cf. Hutton v. Commonwealth, Unemployment Compensation Bd. of Review, 79 Pa.Cmwlth. 209, 468 A.2d 1186 (1983). The referee’s finding that all of “[h]er absences were caused by domestic problems” must be read in light of the domestic problems revealed in the evidence: her husband’s repeated, violent attacks on her person.
Entitlement to unemployment compensation benefits — designed to ameliorate “the serious social consequences of unemployment,” § 443.021, Fla.Stat. (1995) — is a matter of statutory right. But certain restrictions apply, even when unemployment is involuntary. Webb v. Rice, 693 So.2d 1109 (Fla. 3d DCA 1997).
A claimant is not entitled to unemployment compensation benefits if the employer discharges the claimant for misconduct connected with work. § 443.101(l)(a), Fla. Stat. (1995). Section 443.036(26), Florida Statutes (1995), defines “misconduct” as
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer.
Courts should narrowly construe the disqualification provisions, and should liberally construe the statute in favor of the claimant when determining whether a claimant’s actions constitute misconduct in accordance with its remedial nature.
Id. at 1111. After a claimant proves that her employment has ended and that she has not worked for at least a week, the burden shifts to the employer to prove either a voluntary quit, see Gulf County Sch. Bd. v. Washington, 567 So.2d 420 (Fla.1990), or a discharge attributable to the employee’s misconduct connected with work. See Lewis v. Lakeland *418 Health Care Ctr., Inc., 685 So.2d 876, 878 (Fla. 2d DCA 1996).
There has been no suggestion that Ms. Gilbert left her job voluntarily. This distinguishes her case from Hall v. Florida Unemployment Appeals Commission, 697 So.2d 541 (Fla. 1st DCA 1997). Issue was joined below on whether the Department of Corrections “discharged [her] ... for misconduct connected with h[er] work.” § 443.101(1)(a), Fla.Stat. (1995). On this question,
the employer has the burden of proving that the act or acts complained of constitute “misconduct” sufficient to disqualify the employee from receiving unemployment compensation benefits. Gunther v. Barnett Banks, Inc., 598 So.2d 243 (Fla. 2d DCA 1992); Sheriff of Monroe County v. Unemployment Appeals Commission, 490 So.2d 961 (Fla. 3d DCA), rev. denied, 500 So.2d 544 (Fla.1986).
SKF Management v. Unemployment Appeals Comm’n, 664 So.2d 345, 347 (Fla. 5th DCA 1995). Accord Pascarelli v. Unemployment Appeals Comm’n, 664 So.2d 1089, 1091 (Fla. 5th DCA 1995); Paul v. Jabil Circuit Co., 627 So.2d 545, 546 (Fla. 2d DCA 1993). Unexplained, excessive unauthorized absenteeism — at least after warning — disqualifies an employee from receiving unemployment compensation benefits. Tallahassee Hous. Auth. v. Florida Unemployment Appeals Comm’n, 483 So.2d 413, 414 (Fla.1986)(“Once excessive unauthorized absenteeism is established, the burden is on the employee to rebut the presumption that his absenteeism can be characterized as ‘misconduct’ within the meaning of the statute.”).
Because excessive unauthorized absenteeism was proven here, Ms. Gilbert had the burden to prove facts sufficient to overcome the presumption that her absences were “[c]onduct evincing ... willful or wanton disregard of [her] employer’s interests” or “[c]arelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties.” § 443.036(26), Fla.Stat. (1995). She met this burden by showing that domestic violence caused her absences.
That the Department of Corrections had a legal right to discharge Ms. Gilbert is not in dispute: She had not yet attained “permanent status in the career service.” § 110.227(1), Fla. Stat. (1995). See generally State, Dep’t of Gen. Servs. v. English, 534 So.2d 726, 729 (Fla. 1st DCA 1988). See also Spaulding v. Florida Indus. Comm’n, 154 So.2d 334, 337 (Fla. 3d DCA 1963); Gunderson v. Libbey Glass, 412 So.2d 656, 659 (La.Ct.App.1982)(holding excessive absenteeism justifying discharge is not “automatic[ally] ... disqualifying misconduct”).
Although claimant’s actions may have justified discharge from employment, the record does not show that such conduct justified denial of benefits. Grossman[ v. J.C. Penney, 689 So.2d 1206, 1207 (Fla. 3d DCA 1997) ], slip op. at 3; Betancourt[ v. Sun Bank Miami, N.A., 672 So.2d 37 (Fla. 3d DCA 1996) ] at 38; Cooks v. Unemployment Appeals Comm’n, 670 So.2d 178, 180 (Fla. 4th DCA 1996); Livingston v. Tucker Constr. & Eng., Inc., 656 So.2d 499, 500 (Fla. 2d DCA 1995); Hummer v. Unemployment Appeals Comm’n, 573 So.2d 135, 137 (Fla. 5th DCA 1991).
Webb, 693 So.2d at 1111. This is not a case in which an employee was absent from work by choice in order to attend to personal business. Cf. Thurber v. Hillier & Wanless, P.A., 642 So.2d 75 (Fla. 4th DCA 1994). See Scardino v. Unemployment Appeals Comm’n, 603 So.2d 549 (Fla. 1st DCA 1992)(holding employee’s unauthorized absence to attend fiancé’s sister’s killer’s trial, even if justifying discharge, did not render claimant ineligible for unemployment compensation benefits).
Temporary absence from work because of illness or injury does not constitute misconduct connected with work of a kind that disqualifies a discharged employee from receiving unemployment compensation benefits. In a slightly different (although closely related) context, the Unemployment Compensation Law defines “good cause” for leaving a job to include “illness or disability of the individual requiring separation from his work.” § 443.101(l)(a)l., Fla.Stat. (1995). *419 Hubbard v. Best Termite & Pest Control, 627 So.2d 581 (Fla. 2d DCA 1993); Seger v. Danner Constr. Co., Inc., 611 So.2d 82 (Fla. 2d DCA 1992). See Krulla v. Barnett Bank, 629 So.2d 1005, 1007 (Fla. 4th DCA 1993)(“[T]he real issue is not whether blame can be assigned to the employer for the employee’s inability to perform the job. Rather, the inquiry should be whether the individual is physically unable to perform the job duties.”). Cf. Hall (affirming finding that domestic violence victim’s resignation was not the result of illness, physical disability, or good cause attributable to employer).
In the present case, the Commission adopted the finding that Ms. Gilbert’s “absences were caused by domestic problems.” Cf. Gardner v. Unemployment Appeals Comm’n, 682 So.2d 1222, 1223 (Fla. 4th DCA 1996)(“[H]is alcoholism and alcohol-related conduct was the result of an illness, and thus, did not constitute an intentional or willful act within the meaning of section 443.036(26), Florida Statutes.”); Ford v. Southeast Atl. Corp., 588 So.2d 1039, 1041 (Fla. 1st DCA 1991)(holding otherwise disqualifying conduct attributable to cocaine addiction does not preclude unemployment compensation benefits); Gainer v. Unemployment Appeals Comm’n, 503 So.2d 428 (Fla. 3d DCA 1987)(holding drug-addicted employee’s derelictions were not intentional misconduct or otherwise disqualifying).
We have also held that an employee’s absences occasioned by “family emergencies” are not misconduct that justifies a denial of benefits to an involuntarily terminated employee. Gadsden v. Florida Unemployment Appeals Comm’n, 616 So.2d 1196 (Fla. 2d DCA 1993); Dean v. Florida Unemployment Appeals Comm’n, 598 So.2d 100 (Fla. 2d DCA), review denied, 605 So.2d 1268 (Fla.1992).
In determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment compensation benefits, the statute should be liberally construed in favor of the claimant:
Discharge “for misconduct connected with his work” will disqualify a claimant, but in determining whether such a disqualification has occurred, the statute should be liberally construed in favor of the claimant for whose benefit it exists.
Spaulding v. Florida Industrial Commission, 154 So.2d 334, 339 (Fla. 3d DCA 1963). The Unemployment Compensation Law is remedial in nature and thus must be liberally construed to effect its beneficent purposes such that its disqualification provisions must be narrowly construed. St. Joe Paper Co. v. Gautreaux, 180 So.2d 668 (Fla. 1st DCA 1965).
Langley had good cause for not fully complying with the manager’s request for dessert samples in that his father-in-law had just suffered a heart attack. The appeals referee found this noncomplianee showed an intentional and substantial disregard for the employer’s interests. The findings of fact do not reach this level or support this conclusion.... A family emergency can excuse not coming to work at all. See Tucker v. Florida Dept. of Commerce, 366 So.2d 845 (Fla. 1st DCA 1979) and Williams v. Florida Industrial Commission, 135 So.2d 435 (Fla. 3d DCA 1961).
Langley v. Unemployment Appeals Comm’n, 444 So.2d 518, 520 (Fla. 1st DCA 1984). See also Deering v. Unitog Rental Servs., 381 N.W.2d 486, 487 (Minn.Ct.App.1986)(holding discharged employee not disqualified, despite prior absences and a contract making her subject to immediate termination if she were late for any reason, where her husband “pulled the coil wires out of her truck”).
Reversed and remanded.
ERVIN, J., concurs.
DAVIS, J., concurs in result only.