Thomas J. Cook, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1979, before Judges ROGERS, DiSALLE and MacPHAIL, sitting as a panel of three.

*Walter Walkenhorst,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

PER CURIAM OPINION, May 7, 1979:

We have here an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits to Thomas J. Cook (Claimant) because of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We remand.

Claimant worked for Thomas Jefferson University Hospital for approximately eight years, during which time a tendency to oversleep caused him to be continually absent or tardy. On October 22, 1976, Claimant was discharged after failing to report timely his preceding day's absence.

At the hearing before the referee, Claimant presented considerable evidence that he suffers from nar-

colepsy, a central nervous system disorder that renders him powerless to control a sudden and overwhelming desire to sleep. The referee, and subsequently the Board, apparently ignored this evidence, making no findings whatsoever on Claimant's alleged justification for his absence from work and his failure to timely report this absence.

It is axiomatic that absence from work due to illness does not constitute willful misconduct. *Unemployment Compensation Board of Review v. Kells*, 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975). Furthermore, since willful misconduct involves a deliberate disregard of the standards of behavior an employer can reasonably expect from his employes, the Board cannot determine that an employe's absence from work constitutes willful misconduct, unless it first considers the reasons advanced by that employe in justification of his conduct and makes findings of fact with regard thereto. *Hughes v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 422, 397 A.2d 494 (1979); *Curtis v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 462, 379 A.2d 1069 (1977); *Unemployment Compensation Board of Review v. Crilly*, 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976); *Kells, supra*. Since the Board made no findings of fact on whether Claimant did in fact suffer from narcolepsy, and, if so, whether this was the cause of his absences and tardiness, we will remand for a resolution of that issue.

## ORDER

AND Now, this 7th day of May, 1979, the order of the Unemployment Compensation Board of Review, dated September 30, 1977, denying benefits to Thomas J. Cook, is hereby vacated, and the record is remanded for further proceedings consistent with this opinion.