James Dunn, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1981, before Judges BLATT, CRAIG, and WILLIAMS, JR., sitting as a panel of three.

*Eric L. Segal,* with him *Brian R. Steiner, D'Agui & Del Collo,* for petitioner.

*Steven Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 29, 1981:

The claimant[1] appeals here from an order of the Board[2] which found him to be ineligible for unemployment compensation benefits because of willful misconduct.[3]

The claimant was employed by K-Mart Corporation (employer) when he suffered a work-related injury on August 30, 1979. On October 15, 1979, his physician informed him that he could return to work on October 22, 1979, and the claimant so informed his employer. He continued to suffer pain, and he informed his employer a few days before he was scheduled to return that he would be unable to return as scheduled. The employer informed him, however, that, if he did not return to work on October 22, his services would be terminated. When the claimant then requested lighter work, he was told that none was available. After his failure to return to work on October 22, he was discharged on October 24, 1979 on the ground that the employer's rule required the discharge of employees if they were absent without notice for three consecutive days. Although the Office of Employment Security determined that his failure to notify his employer for three consecutive days constituted willful misconduct and both the referee and the Board affirmed the denial of benefits, we must conclude that the findings of the Board, while supported by substantial evidence, do not justify as a matter of law the conclusion that the claimant's conduct here constituted willful misconduct.

We have previously held that, where the employer asserts that a dismissal was for violation of the em-

---

[1] James Dunn.

[2] Unemployment Compensation Board of Review.

[3] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

ployer's absentee control policy, the factfinder must examine the specific requirements of that policy and the circumstances surrounding the absence to determine whether or not the policy was violated. *Collins v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 538, 360 A.2d 760 (1976). In the present case, the Board's findings indicate that the claimant made a genuine attempt to notify the employer that he would be unable to work on October 22, and that the employer informed the claimant that failure to return to work on October 22 would result in his discharge; nevertheless, the employer is now arguing that further notification was necessary. The Board concedes in its brief that, had the claimant been discharged for failing to report to work on October 22, he would clearly be eligible now for benefits, for it is well settled that absence from work due to illness does not constitute willful misconduct. *Cook v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 448, 401 A.2d 8 (1979). And we believe that, because he relied on his employer's statement that he would be discharged on October 22, it was unrealistic for the employer to expect the claimant to report off from work on each subsequent day thereafter. *See Kindrew v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978).

We must conclude, therefore, that the claimant's violation of the employer's rule was the natural consequence of his reliance on the employer's statement to him, and was not a deliberate violation of rules nor a disregard of standards with which the employer could reasonably expect compliance. *See Flanagan v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 120, 407 A.2d 471 (1979). We will therefore reverse the Board's order.

72

## ORDER

AND Now, this 29th day of April, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned case is hereby reversed and remanded for a computation of benefits.

Judge WILKINSON, JR. did not participate in the decision in this case.

