Alma Illery Medical Center, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 9, 1981, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Ronald J. Zera,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, November 23, 1981:

In this unemployment compensation appeal, the employer[1] questions an award of compensation by the Unemployment Compensation Board of Review affirming a referee's decision that the claimant[2] was not

---

[1] Alma Illery Medical Center.
[2] Toi Lynn Garcia.

disqualified from receiving benefits because of willful misconduct.[3]

Employed as a bookkeeper, the claimant was discharged on January 25, 1980 for being absent without permission. The claimant earlier had been granted a vacation day for January 23. However, she was subsequently suspended from January 17 through the 23rd for repeated failure to log in and out on her time card.

Although the suspension memorandum stated that she was to return to work on January 24, the claimant remained absent on that date because she believed that her requested leave for January 23 would automatically be changed to January 24, by analogy to the employer's practice of extending an employee's vacation when a previously chosen vacation day turned out to be a holiday.

Exercising its discretion as factfinder, the board accepted the testimony of the claimant as credible, *Season All Industries, Inc. v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 269, 398 A.2d 1092 (1979); it adopted the referee's finding that the claimant did not return to work or give notice of being absent on January 24 because of her belief that the employer would automatically change her vacation date.

Thus we must agree that, as a matter of law, the claimant's behavior lacked the element of conscious wrongdoing necessary for a finding of willful misconduct. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).[4]

Accordingly, we affirm.

---

[3] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[4] In *Frumento,* the Supreme Court held that "where the action of the employee is justifiable or reasonable under the circumstances

ORDER

Now, November 23, 1981, the order of the Unemployment Compensation Board of Review, No. B-183701, dated April 30, 1980, is affirmed.

---

it can not be considered willful misconduct since it can not properly be charged as a willful disregard of the employer's intents or rules or the standard of conduct the employer has a ight to expect." *See also, Williams v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977).