Thomas S. Dunkle, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 13, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

2

*Harry S. Geller,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, August 7, 1985:

Thomas S. Dunkle (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of the Referee denying benefits to the Claimant based on willful misconduct pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law.[1] We reverse.

The facts as found by the referee and adopted by the Board are as follows. Claimant was employed by Richard Textiles (Employer) as a stockroom attendant. In September of 1983, the Claimant suffered a work-related injury for which he received Workmen's Compensation benefits. On December 6, 1983, the Claimant returned to work. Subsequently, on December 24, 1983, the Employer requested that the Claimant sign a Final Receipt for the Workmen's

---

[1] Act of December 5, 1936, Second Ex. Session, P.L. (1937) 2897, *as amended* 43 P.S. §802(e).

Compensation benefits. On December 29, 1983, the Employer again requested that the Claimant sign the Final Receipt. At this time, the Claimant expressed the desire to consult with an attorney before signing the document. The Employer then informed the Claimant that he could seek legal advice, but if he returned to work for his next shift without having signed the Final Receipt, he would be discharged. Throughout the holidays, the Claimant made repeated attempts to obtain legal counsel, but was unsuccessful. As a result, he did not sign the Final Receipt.

The Claimant's next scheduled shift was on January 2, 1984. However, the Claimant did not report to work and failed to notify his Employer of his absence in violation of a company policy. The Claimant reported to the work site on January 3, 1984,[2] and was informed that he was discharged for his unreported absence from his previous shift. The Referee found that the Claimant was dismissed for his unreported absence on January 2 and not for his failure to sign the Final Receipt. Thus, the Referee determined that the unreported absence constituted willful misconduct, and denied benefits to the Claimant. The Board affirmed the Referee's decision.

In an unemployment compensation case, the employer bears the burden of proving willful misconduct, and where the claimant attempts to justify his action, he must prove good cause. *Elliot v. Unemployment Compensation Board of Review*, 82 Pa. Commonwealth Ct. 107, 474 A.2d 735 (1984). Where the party bearing the burden of proof does not prevail before the Board, this Court's scope of review is limited to a determination of whether there has been a capricious disregard of competent evidence or whether the Board

---

[2] It is undisputed in the record that the reason for which the Claimant reported to the work site was not to work.

has committed an error of law. *Department of the Auditor General v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 262, 484 A.2d 834 (1984).

The issue of good cause is a question of law and is subject to the review of this Court. *Gettig v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 416, 473 A.2d 749 (1984). It is well established that where an employee acts in a reasonable or justifiable manner under the circumstances, he cannot be charged with willful misconduct, as his actions do not constitute a willful disregard of the standard of conduct expected by his employer. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). Thus, if the Claimant had good cause for his conduct in that he acted reasonably and was justified in not reporting to work and failing to notify his employer of his absence, his actions cannot constitute willful misconduct.

The Referee found that two factors contributed to the Claimant's failure to report to work on January 2: (1) his confusion as to whether or not work was scheduled for that day[3] and (2) "his assessment that

---

[3] In *Alma Illery Medical Center v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 564, 437 A.2d 467 (1981), the claimant was discharged for her failure to return as scheduled from a suspension, and to give notice of her absence. The Referee found that the claimant's conduct resulted from her belief that her vacation day, which had previously been scheduled for the last date of her suspension, would automatically be changed to the first date of the claimant's scheduled return. Relying on the Referee's finding, this Court held that the claimant was not guilty of willful misconduct as her behavior did not contain the conscious wrongdoing that is required for a finding of willful misconduct. From this holding, the Claimant here argues that his belief that January 2, 1984 was a holiday precludes a finding of willful misconduct as a reasonable belief that a work day is not scheduled constitutes good cause for absence from work. However, we do not address this is-

reporting to work would have been fruitless inasmuch as he feared discharge in appearing at the work site without the Final Receipt.'' The Referee's finding that the Claimant faced discharge if he returned to work without the signed Final Receipt was undisputed by the Employer, and is supported by the record.[4]

The Claimant was thus faced with an ultimatum. His Employer's specific directive required him to sign the Final Receipt or lose his job. Because the Claimant feared that signing the Final Receipt might result in the loss of his legal rights, the Claimant wished to consult with an attorney before complying with the Employer's order. Inasmuch as the Claimant was unable to obtain legal counsel during the holiday season, he could not satisfactorily determine whether or not signing the Final Receipt would result in a forfeiture of his legal rights. Thus, the Claimant had reasonable and justifiable cause not to sign the Final Receipt in order to comply with the Employer's specific directive.

The Referee's findings of fact, and the record also support the conclusion that, in light of the Claimant's

---

sue as the reasons set forth in this opinion are sufficient, as a matter of law, to support a finding that the Claimant had good cause for his conduct.

[4] When questioned by the Referee as to whether Claimant's failure to sign the Final Receipt was the cause of his dismissal, the Employer witness, Assistant Superintendent Ernest Carey, responded as follows:

> AEWL: Not as it turns out. Now I did tell him that we needed to have those forms signed, and that if he didn't bring them back signed, that we would not be able to employ him further.

Mr. Carey was further questioned by Claimant's counsel about Claimant's dismissal:

> OCC: But if he knew that he did not have the forms signed, there was no point in his returning, was there, because he had been told explicitly to sign them or lose his job?

> AEWL: Yes, Ma'am.

inability to comply with the Employer's ultimatum, the Claimant acted reasonably and was justified in not reporting to work and failing to report his absence. In *Dunn v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 69, 428 A.2d 1021 (1981), the claimant continued to suffer pain from a work related injury and informed his employer that he would be unable to return to work as scheduled. The employer then informed the claimant that if he failed to return to work as scheduled, he would be discharged. The claimant did not return to work and was subsequently discharged pursuant to an employer's rule requiring that employees be terminated if they were absent without notice for 3 consecutive days. In *Dunn,* this Court ruled that the claimant could not be guilty of willful misconduct as the claimant's reliance on the employer's statement that he would be discharged made it unrealistic for the employer to expect the claimant to explain his subsequent absences.

The facts of the instant case require the same conclusion. Here, the Claimant logically assumed that returning to work without the signed Final Receipt would result in his discharge. As a result, it would be unreasonable for the employer to expect Claimant to explain his absence. Thus, the Claimant's absence and violation of the Employer's rule requiring notification when an absence is anticipated was a natural consequence of the Claimant's reliance on the Employer's ultimatum, and as such cannot constitute willful misconduct. *Id.*

Inasmuch as we conclude that the Claimant had good cause for his conduct, the Referee erred as a matter of law in denying benefits to the Claimant. Thus, the order of the Board affirming the Referee's decision is reversed.

ORDER

AND Now, August 7, 1985, the decision of the Unemployment Compensation Board of Review at No. B-232657 is reversed.