524 A.2d 529

Gena G. Dantzler, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 8, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Rosalind M. Plummer,* for petitioner.

*Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, April 16, 1987:

This is an appeal by Gena G. Dantzler (petitioner) from an order of the Unemployment Compensation Board of Review (Board) denying unemployment compensation pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] For the reasons which follow, we affirm.

On December 8, 1984, petitioner, a Psychiatric Aide I, was on duty in a cafeteria of the Philadelphia State Hospital. One of the patients, a male amputee confined to a wheelchair, was attempting to eat food from a garbage can. Although several of the aides on duty yelled at the patient in an effort to get him away from the garbage, the patient did not move. Petitioner pushed the patient's wheelchair away from the garbage can and let go of it. The patient's chair struck a door frame and the patient fell from the wheelchair to the floor. As a result of this incident, the patient sustained injuries to his face. Thereafter, on January 10, 1985, petitioner was discharged for patient abuse.

Petitioner applied to the Office of Employment Security (OES) for unemployment compensation benefits. OES denied benefits under Section 402(e) of the Law. Petitioner appealed and both the referee and the Board affirmed the OES decision. Petitioner now appeals to this Court.

Our scope of review is limited to a determination of whether findings of fact are supported by substantial evidence, constitutional rights were violated or errors of law committed. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Petitioner contends that the findings of fact are not supported by substantial evidence. While we note that

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

there was much conflict in the evidence, and that the employer's eyewitness was reluctant in her testimony, the referee specifically rejected petitioner's testimony and accepted employer's evidence.[2] After a careful review of the record, we conclude that there is substantial evidence to support the referee's findings of fact.

Petitioner also contends that her actions do not constitute willful misconduct, and were justified and for good cause. Whether petitioner's conduct rises to the level of willful misconduct is a question of law, subject to our review. *Wysocki v. Unemployment Compensation Board of Review*, 87 Pa. Commonwealth Ct. 260, 487 A.2d 71 (1985). Willful misconduct has been defined as:

> An act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employe's duties and obligations to the employer.

*Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 83-84, 351 A.2d 631, 632 (1976).

The employer's witness testified that petitioner forcibly pushed the patient away from the garbage can, that she let go of the wheelchair, that it traveled 10 to 12 feet and that the patient struck the door frame hard, causing him to fall out of the chair and to injure his face. At a very minimum, this constituted "a disregard of standards of behavior which the employer has a right to expect of an employee." *Id*.

---

[2] The referee in her May 20, 1985 decision stated: "There was considerable conflict in the testimony adduced at the hearing. The referee will resolve this conflict in favor of the employer."

Petitioner notes that the patient was a diabetic and that had she not stopped him from eating garbage he could have ingested items of sugar which could have brought on insulin shock. Therefore, she asserts that her actions were justifiable and motivated by good cause. "It is well established that where an employee acts in a reasonable or justifiable manner under the circumstances, [she] cannot be charged with willful misconduct, as [her] actions do not constitute a willful disregard of the standard of conduct expected by employer." *Dunkle v. Unemployment Compensation Board of Review*, 91 Pa. Commonwealth Ct. 1, 4, 496 A.2d 880, 882 (1985). While petitioner's actions may have been initiated with a laudatory purpose, the use of force such that the patient's wheelchair would travel 10 to 12 feet and hit the doorjamb with such force as to cause the patient to fall out and sustain injury evidences a disregard of standards of behavior which an employer can rightfully expect of his employees. *Frumento*.

Accordingly, we affirm.

ORDER

AND NOW, April 16, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.