IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael E. Dzikowski,               :
                  Petitioner        :
                                    :
        v.                          :
                                    :
Unemployment Compensation           :
Board of Review,                    :   No. 1745 C.D. 2016
                  Respondent        :   Submitted: May 5, 2017


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge[1]


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                      FILED: January 5, 2018


        Michael E. Dzikowski (Claimant) petitions for review of a decision of

the Unemployment Compensation Board of Review (Board) that reversed the

decision of a referee and denied him unemployment compensation (UC) benefits.

The Board found Claimant ineligible for UC benefits pursuant to Section 402(e)[2] of

the Unemployment Compensation Law (Law) (relating to willful misconduct)

because he did not credibly establish good cause for his actions in falsifying spa and

---

[1] This decision was reached before the conclusion of Judge Cosgrove's service with this Court.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Section 402(e) of the Law provides that *"*[a]n employe shall be ineligible for compensation for any week… [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act[.]"

pool logs of Wyndham Hotel Management, Inc. (Employer). Claimant contends the Board erred in reaching this determination. Upon review, we reverse.

## I. BACKGROUND

Employer employed Claimant from November 1, 2010, through May 18, 2016,[3] finally as a full-time stationery engineer earning $31.12 per hour. Claimant's position required him to complete spa and pool logs. On May 5, 2016, Claimant falsified spa and pool logs and Employer discharged Claimant. (Bd. Op. 9/23/16, Findings of Fact (F.F.) Nos. 1-4.)

On May 25, 2016, Claimant applied for UC benefits. Based on information from Claimant explaining his reasons for falsification of records and documented in the Internet Initial Claim and Records of Oral Interview (Reproduced Record (R.R.) at 33a-41a) the local service center determined Claimant ineligible for benefits. Claimant appealed, and a referee held a hearing.

Employer did not appear at the referee's hearing. Claimant appeared and testified. At the beginning of the hearing, the referee identified the file documents, most of which were admitted without objection. Those to which Claimant objected (for failure to authenticate) were not admitted into evidence.[4] (R.R. at 16a-19a.)

When asked at the hearing what Claimant's position was as to why he was no longer employed, he responded he was discharged "for not filling out the

---

[3] Referee's Op., 7/27/16, Finding of Fact (F.F.) No. 1 erroneously lists Claimant's last day of work as May 28, 2016. *See* Internet Initial Claim, 5/25/16, No. 3.

[4] Documents admitted into evidence include the Internet Initial Claims Application, Records of Oral Interview, Spa Chemical Log, Employer Questionnaire, and Acknowledgement of Employee Handbook. *See* (R.R. at 16a-19a.)

pool records." *Id.* at 23a. Claimant testified this was the first time he was accused of not completing pool and spa records. He testified he did not falsify any records and did not "doctor" any records. *Id.* at 25a. Claimant further testified that he believed he filled out the spa and pool document accurately and to the best of his knowledge. *Id.* at 25a-26a.

When questioned, Claimant testified he never lied to Employer. He testified he was "completely honest…the whole time"[5] and when Employer asked him if he went to the pool, he told them he did not, but that the information on the pool and spa log was accurate and completed in good faith. *Id.*

The referee determined that because Employer failed to participate in the hearing to establish that Claimant falsified any company documents, there was insufficient evidence to establish a finding of willful misconduct. Consequently, the referee reversed the determination of the service center and determined that a denial of benefits was not warranted under Section 402(e) of the Law. *Id.* at 10a.

Employer appealed to the Board. The Board found that Claimant's position required him to complete spa and pool logs. The Board also found that on May 15, 2016, Claimant falsified those logs and Employer discharged Claimant for falsifying the logs. (Bd. Op., 9/23/16, F.F. Nos. 2-4.)

The Board determined that because Claimant was discharged, Employer bore the burden of establishing the discharge was for willful misconduct in connection with his work under Section 402(e) of the Law. (Bd. Op. at 2.) The Board found Claimant admitted Employer discharged him for falsifying spa and pool logs, but determined that even absent a policy, a knowing falsification material to one's employment, is willful misconduct. Ultimately, the Board held that because

---

[5] (R.R. at 26a.)

3

Claimant admitted to falsifying spa and pool logs, which was a material job function, Claimant did not establish good cause for his actions. *Id*. Thus, the Board concluded Claimant was ineligible for benefits under Section 402(e) of the Law. Claimant now petitions for review of the Board's order denying him benefits.

## II. ISSUES

On appeal,[6] Claimant argues the Board committed an error of law because its findings were not supported by substantial evidence; the Board incorrectly assigned the burden of proof to Claimant and concluded Claimant engaged in willful misconduct.

## III.  DISCUSSION

Claimant argues the Board committed an error of law because its factual findings were not supported by substantial evidence. Citing *Vockie v. General Motors Corp., Chevrolet Div.*, 66 F.R.D. 57, 61 (E.D. Pa. 1975) ("[a]n admission is a voluntary acknowledgement made by a party of the existence of the truth of certain facts which are inconsistent with his claims in an action"), Claimant contends the record does not contain an admission by him that he falsified spa and pool logs. Rather, Claimant asserts the Board's finding is solely supported by negative evidence. Claimant identifies that the Pennsylvania Supreme Court has held that negative evidence cannot support a positive factual finding. *Kyu Son Yi, DVM v. State Board of Veterinary Medicine.*, 960 A.2d 864 (Pa. Cmwlth. 2008) citing

---

[6] Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Oliver v. Unemployment Compensation Board of Review*, 5 A.3d 432 (Pa. Cmwlth. 2010) (en banc).

*Pennsylvania State Board of Medical Education & Licensure v. Schireson*, 61 A.2d 343 (Pa. 1948). Consequently, Claimant asserts "[a]n adverse credibility determination is not itself substantial evidence," *Aversa v. Unemployment Compensation Board of Review*, 52 A.3d 565, 571 (Pa. Cmwlth. 2012) and will not support a determination of willful misconduct.

Willful misconduct is defined by the courts as: (1) wanton and willful disregard of an employer's interests; (2) deliberate violation of rules; (3) disregard of the standards of behavior which an employer can rightfully expect from an employee; or, (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations. *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422 (Pa. 2002). The employer bears the initial burden of proving a claimant engaged in willful misconduct. *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338 (Pa. Cmwlth. 2008); *Grieb*. When asserting a discharge based on a violation of a work rule, an employer must establish the existence of the rule, the reasonableness of the rule, the claimant's knowledge of the rule, and its violation. *Id.* Whether a claimant's actions constitute willful misconduct is a question of law fully reviewable on appeal. *Id.*

Instantly, the Board found Claimant ineligible for benefits as it determined Claimant to have committed willful misconduct. While the Board correctly lays out our four-part, court-created definition for acts which rise to the level of willful misconduct, the Board fails to identify which part of the definition Claimant's actions fall under. The Board cites only Claimant's discharge for admittedly falsifying spa and pool logs, baldly stating "a knowing falsification [of] material to one's employment is willful misconduct" as Claimant "has not credibly

5

established good cause for his actions." (Bd. Op. at 2.) We are therefore left to examine Claimant's actions against the four-part definition provided ourselves.

## A. Wanton and Willful Disregard of An Employer's Interests

Here, Claimant conducted the water tests in the same manner since the pool opened and since he assumed this position with Employer.

> CL [Steven Winslow, Esq.] Did you have to go up to the pool to take those measurements?
>
> C I was never told that I had to go up there. You kind of just wing it.
>
> …
>
> CL And were you able to take the measurements without going up to the pool?
>
> C The water measurements?
>
> CL The sample? The tests? To do the testing you have to do? Were you able to do that?
>
> C No. Yes, yes. Oh, yes. From the samples…yes. I'm sorry. Yes, the water samples come from the cups that I took. Yes, I'm sorry.
>
> CL Just to be clear on that, how did you take the tests?
>
> C Based on the two pool and spa samples that were left on the (inaudible).
>
> CL And what do you do to take the tests?
>
> C You take a – two samples and you mix it up with chemicals from a little sample that's left on (inaudible)
>
> CL Is that test that's something that you had to go up the pool to get or was it done there?

C *No, it's always left on the desk.*

Referee's Hr'g, Notes of Testimony (N.T.), 7/15/16 at 15. (Emphasis added.)

We cannot see how Claimant's action constituted a wanton and willful disregard of Employer's interests as Claimant attempted to complete his duty in line with common practice.

## B. Deliberate Violation of Employer's Rules

Claimant tested the water samples left for him by the employee on the previous shift. *Id.*

> CL  How are the pool and spa forms completed normally?  Are they – how do people handle them?
>
> C  It's kind of haphazard.  It's – sometime it's done.  Sometimes it's not done.  It's – they lay on the desk for days sometimes, and they don't provide a heat gun to check the temperatures.  It's – you kind of just jot down what you got to jot down.
>
> CL  Are you aware of any other employee who's been terminated relative to not completing those forms properly?
>
> C  No, I'm not.
>
> …
>
> R [Referee]  So, part of your job duties were to complete these forms for the pool?
>
> C  Yes.
>
> R  And, in completing these forms, had you done it the same way for the last five years?
>
> C  Not really.  You go days without completing them.

R  Okay.  But when you did complete them you've been doing it since you've taken the position?  Is that correct?

C  Yes.  Yes.

R  In the same manner?

C  For about the last two years.  The pool just opened about two years ago.

R  Okay.  So for as – since the pool opened?

C  Yes.

R  *You haven't changed the way you filled out the forms?*

*C  No, I have not.*

R  Okay, So, you – you already testified you did not falsify these, and you made no qualms about telling the Employer I never went to the pool; I never said I went to the pool?

C  No, I did not.  I was totally honest with them the whole time.

Referee's Hr'g, N.T., 7/15/16 at 13-14.  (Emphasis added.)

Here, there was no deliberate violation of rules where rules were not specifically laid out; where there was no common enforcement; and where it was common practice to complete the spa and pool logs as others did and without repercussion to them from Employer.

## C. Disregard of the Standards of Behavior Which an Employer Can Rightfully Expect from an Employee

Claimant spoke with management of Employer about receiving training on pool and spa readings for the logs, but was told it would "get back to him." Record of Oral Interview, 6/14/16 at 1.  When Claimant reached out to Employer *again* and

asked for training, it would "just give me the run around." *Id*. When questioned as to why Claimant didn't ask other employees who had training for assistance in showing him how to properly conduct the pool and spa readings, Claimant stated: "I did. Everybody was kind of vague. I don't know how many times [a fellow employee] told me that the directions were on the back of the box. But just because you read something doesn't mean you necessarily know what you're doing." *Id.* When further questioned, Claimant responded, "the only thing I can say to that is no, I was never trained." *Id*. at 2.

It is evident from the testimony that the common practice of employees of Employer clearly established a standard of behavior and practice *which Claimant followed*. Employer cannot expect an employee to comply with standards which are not set by example or training.

### D. Negligence Showing an Intentional Disregard of the Employer's Interests or the Employee's Duties and Obligations

Claimant was questioned at the hearing as to Employer's policy and training:

> Q [UC Office Representative]: The Employer states that you did not have permission to use samples that were provided by someone else and that it is policy is [sic] to take your own samples on every shift.

> A [Claimant]: I was unaware of that policy and it is a common practice. It is not done every day but it is something that is done multiple times a month.

*Id*.

9

Here, Claimant did test the pool and spa water and kept a log. Claimant followed his obligations just as that obligation was expected of other employees, particularly where no specific training was provided; and Claimant followed what was common practice for this job duty. There can be no negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations where, as here, Claimant repeatedly requested training, a request which here, was ignored by both Employer and other employees. Further, the assurances by Employer's staff that Claimant was, indeed, told to "put down what [the pool and spa] readings should be, not what they are, [as] it will only help you guys in the long run"[7] offers little comfort to Claimant who was begging for training, which was not provided, and certainly does not negate the "reasonableness" of his position.

Although duly notified, Employer did not attend the hearing. (Referee's Op. 7/27/16 at 2.) Employer offered no testimony or competent evidence that Claimant knew about or was on notice of the work rule in issue. Moreover, no such rule appears in the simple one-page acknowledgement of employee handbook in the record. (R.R. at 53a.)[8]

Whether a claimant has good cause to violate an employer's rule or policy is a question of law subject to this Court's review and should be viewed in light of all of the attendant circumstances. *Docherty v. Unemployment Compensation Board of Review*, 898 A.2d 1205, 1208 (Pa. Cmwlth. 2006); *see also Dunkle v. Unemployment Compensation Board of Review*, 496 A.2d 880 (Pa.

---

[7] Internet Initial Claim, 5/25/15 at 2.

[8] Claimant also alleges that his termination by Employer was retaliation for participation as a witness in a National Labor Relations Board (NLRB) proceeding involving Employer and another former employee. (*See* R.R. 21a-29a; 58a-75a.) Consequently, on May 31, 2016, Claimant filed an NLRB retaliation proceeding of his own against Employer for his termination. (R.R. 70a-71a.)

10

Cmwlth. 1985). A claimant has good cause if his or her actions are justifiable and reasonable under the circumstances. *Frumento v. Unemployment Compensation Board of Review*, 351 A.2d 631 (Pa. 1976).

## IV. Conclusion

Employer did not attend the hearing, nor present testimony to show, let alone prove willful misconduct on the part of Claimant. Claimant had good cause for his actions and were justifiable and reasonable given the totality of the circumstances. We therefore conclude the Board erred in determining Claimant was ineligible for benefits under Section 402(e) of the Law.

Accordingly, we reverse the Board's order.

_____
JOSEPH M. COSGROVE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael E. Dzikowski, : 
             Petitioner : 
  : 
       v. : 
  : 
Unemployment Compensation : 
Board of Review, :    No. 1745 C.D. 2016
            Respondent : 

## O R D E R

AND NOW, this 5th day of January, 2018, the order of the Unemployment Compensation Board of Review is hereby REVERSED.

 

_____
JOSEPH M. COSGROVE, Judge